1

2

3

4

5

6

7

8                          IN THE UNITED STATES DISTRICT COURT

9                        FOR THE EASTERN DISTRICT OF CALIFORNIA

10   JOSEPH A. SHERMAN,

11            Plaintiff,                      No. CIV S- 11-0820 JAM GGH PS

12      vs.

13   CITY OF DAVIS,

14            Defendant.            FINDINGS AND RECOMMENDATIONS

15   _____/

16            Plaintiff is proceeding in this action pro se and in forma pauperis.  This

17   proceeding was referred to this court by Local Rule 302(21), pursuant to 28 U.S.C. § 636(b)(1).

18   Before the court is plaintiff's motion for injunctive relief, filed March 26, 2012.  For the reasons

19   stated herein, the motion should be denied.[1]

20   I.  Legal Standards for Temporary Restraining Order / Preliminary Injunction

21            The standards governing the issuance of temporary restraining orders are

22   "substantially identical" to those governing the issuance of preliminary injunctions.  Stuhlbarg

23   Intern. Sales Co., Inc. v. John D. Brushy and Co., Inc., 240 F.3d 832, 839 n. 7 (9th Cir.2001).

24   Therefore, "[a] plaintiff seeking a [TRO] must establish that he is likely to succeed on the merits,

25

26      [1]  A response from defendant is unnecessary.

                                        1

1  that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of

2  equities tips in his favor, and that an injunction is in the public interest."  Am. Trucking Ass'n,

3  Inc. v. City of Los Angeles, 559 F.3d 1046, 1052 (9th Cir. 2009) (quoting Winter v. Natural Res.

4  Def. Council, Inc., 555 U.S. 7, 20, 129 S. Ct. 365, 374 (2008)).  "A preliminary injunction is

5  appropriate when a plaintiff demonstrates . . . that serious questions going to the merits were

6  raised and the balance of hardships tips sharply in the plaintiff's favor."  Alliance for the Wild

7  Rockies v. Cottrell, 632 F.3d 1127. 1134-35 (9th Cir. 2011) (quoting Lands Council v. McNair,

8  537 F.3d 981, 97 (9th Cir. 2008) (en banc), and finding that the "serious questions" test remain

9  valid after Winter).  A TRO is "an extraordinary remedy that may only be awarded upon a clear

10  showing that the plaintiff is entitled to such relief."  Winter, 129 S. Ct. at 376.

11  II.  Analysis

12        The motion for injunctive relief refers to documents previously filed with the

13  court in case number Civ.S.04-2320, a case which was closed in 2008, and which appeal was

14  denied in 2010 by the Ninth Circuit Court of Appeals.  These documents are dated variously

15  from 2006 through 2008.  Plaintiff also refers to actions which he claims support his "affidavit"

16  of irreparable injury, all of which allegedly occurred in 2008 or earlier.  Although plaintiff

17  contends that defendant's policies have resulted in "violative acts against plaintiff," which have

18  continued to the present, plaintiff has not provided any facts showing that he has recently been

19  subjected such acts, or that he will suffer irreparable harm in the absence of injunctive relief.

20  Nor has he shown that there are serious questions in this case or that the balance of hardships tips

21  in his favor.  This court's recent findings and recommendations, issued March 6, 2012, has for

22  the most part addressed the merits and discredits these factors.

23  III.  Conclusion

24        Accordingly, IT IS RECOMMENDED that: plaintiff's motion for injunctive

25  relief, filed March 26, 2012, (dkt. no. 23), be denied.

26  \\\\\

1    These findings and recommendations are submitted to the United States District

2 Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within

3 fourteen (14) days after being served with these findings and recommendations, any party may

4 file written objections with the court and serve a copy on all parties.  Such a document should be

5 captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the

6 objections shall be served and filed within seven (7) days after service of the objections.  The

7 parties are advised that failure to file objections within the specified time may waive the right to

8 appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

9 DATED: April 18, 2012

10                                        /s/ Gregory G. Hollows
                                      UNITED STATES MAGISTRATE JUDGE

11 GGH:076:Sherman0820.inj.wpd

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26