IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOSEPH A. SHERMAN,

      Plaintiff,                      No. 2:11-cv-0820 JAM GGH PS

     vs.

CITY OF DAVIS,                    <u>ORDER AND</u>

      Defendant.                <u>FINDINGS & RECOMMENDATIONS</u>

_____/

        By order filed June 19, 2012, plaintiff's complaint was dismissed and fourteen days leave to file an amended complaint was granted. In the findings and recommendations, issued on March 6, 2012, and adopted by the district court on May 10, 2012, the court granted defendant's motion to dismiss and informed plaintiff of the deficiencies in his complaint. The fourteen day period has now expired, and plaintiff has not filed an amended complaint or otherwise responded to the court's order. Plaintiff has apparently decided to rest on the dismissed complaint. Defendant filed a motion to dismiss on July 6, 2012 and noticed it for hearing on August 9, 2012. Plaintiff has not filed an opposition.

        Although the court liberally construes the pleadings of pro se litigants, they are required to adhere to court orders. Failure to comply with the Local Rules or "any order of the court may be grounds for imposition . . . of any and all sanctions authorized by statute or Rule or

1

within the inherent power of the Court." E. D. Cal. L. R. 110; see also E. D. Cal. L. R. 183 (requiring compliance with the Local and Federal Rules by pro se litigants).

"Failure to follow a district court's local rules is a proper ground for dismissal." Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995). The court should consider: (1) the public's interest in expeditious resolution of litigation, (2) the court's need to manage its docket, (3) the risk of prejudice to the defendants, (4) the public policy favoring disposition of cases on their merits, and (5) the availability of less drastic sanctions. Similar considerations authorize dismissal of an action for failure to prosecute pursuant to Fed. R. Civ. P. 41(b). Link v. Wabash R.R., 370 U.S. 626, 633 (1962); McKeever v. Block, 932 F.2d 795, 797 (9th Cir. 1991). Moreover, failure to obey court orders is a separate and distinct ground for imposing the sanction of dismissal. See Malone v. United States Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (setting forth same factors for consideration as Ghazali).

The court has considered the factors set forth in Ghazali. "[T]he key factors are prejudice and availability of lesser sanctions." Wanderer v. Johnston, 910 F.2d 652, 656 (9th Cir.1990). Defendant is clearly prejudiced by the requirement of defending an abandoned case, and this court is put in the untenable position of expending limited judicial resources to decide such a case on the merits. The public's interest in expeditious resolution of litigation, the court's need to manage its docket, and the unsuitability of a less drastic sanction, direct that this case be dismissed.

Defendant's motion to dismiss, filed July 6, 2012, is also based on the aforementioned grounds.

Accordingly, IT IS ORDERED that: the hearing on defendant's motion to dismiss is vacated from the calendar for August 9, 2012.

For the reasons given in the March 6, 2012 findings and recommendations, and herein, IT IS HEREBY RECOMMENDED that defendant's motion to dismiss, filed July 6, 2012, be granted and this action be dismissed with prejudice. See Local Rule 110; Fed. R. Civ.

1 | P. 41(b).

2 |       These findings and recommendations are submitted to the United States District
3 | Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within
4 | fourteen (14) days after being served with these findings and recommendations, any party may
5 | file written objections with the court and serve a copy on all parties.  Such a document should be
6 | captioned "Objections to Magistrate Judge"s Findings and Recommendations."  Any reply to the
7 | objections shall be served and filed within seven (7) days after service of the objections.  The
8 | parties are advised that failure to file objections within the specified time may waive the right to
9 | appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

10 | DATED: August 3, 2012

                                     /s/ Gregory G. Hollows
                        UNITED STATES MAGISTRATE JUDGE

GGH:076/Sherman0820.fta.wpd